UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ZACHARIAH BROTHERS,

        *Plaintiff*,

    v.

NELLIS AFB,

        *Defendant*.

Civil Action No. 22-1282 (RDM)

## MEMORANDUM OPINION

This matter is before the Court on Defendant Nellis Air Force Base ("Nellis")'s Motion to Dismiss. Dkt. 6. Plaintiff, Zachariah Brothers, proceeding *pro se*, initiated this action by filing a complaint in the Superior Court of the District of Columbia on January 24, 2022. Dkt. 2-1 at 1 (Compl.). Nellis removed the case to federal court pursuant to 28 U.S.C. § 1442(a)(1). Dkt. 2 at 1.

The Court cannot entirely make out the text of Brothers' handwritten, form complaint, but it can discern the following: As to the nature of the suit, Brothers checked the form complaint's boxes for (1) employment discrimination, (2) deceit (misrepresentation), (3) false accusation, (4) fraud, (5) negligence (not automobile, not malpractice), (6) personal injury (not automobile, not malpractice), (7) wrongful death, (8) accounting, (9) whistleblower, and (10) libel of information. Dkt. 2-1 at 1–2 (Compl.). Under the prompt "State any other information, of which the Court should be aware," Brothers wrote:

> Christopher A. Wray said more than once Zach is not a criminal or sex offender because they did a (NAC) National Agency Check[.] A cop, a security guard and [unreadable] and the entire Air Force removed me [unreadable] they thought I was trespassing. Tony and a group of security guards shake each other hands after they

>   removed him off base.  It's strange right before they removed me we all signed a paper and what was on the paper?  On how they put drugs in my meals [and] beverages on/off base.

*Id.* at 10.  Under the prompt asking for a "short and plain statement" of Brothers' claim, he wrote:

>   1 Jul 98, 31 Mar-2021, 2020 Aug 23, 2020 Sept 01, 4 Feb 2021, 2 Feb 2021, Oct 5 2020, 2020 10 12, etc.
>
>   Fraudulent / hard money holder, employment discrimination (unfair treatment), mischievous, and mental anguish, false pretenses.

*Id.* at 11.  Brothers seeks $300 million in damages.  *Id.*

On May 18, 2022, Nellis moved to dismiss Brothers' complaint pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6).  Dkt. 6.  Nellis argues that the complaint should be dismissed because it "fails to provide [Nellis] any notice of [Brothers'] claims, let alone fails to state any basis for this Court to provide relief." *Id.* at 4.  It also contends that Brothers "fails to allege how his apparent encounter at the Air Force Base entitles to him to relief for 'fraudulent/hard money holder'; employment discrimination; deceit; false accusation; fraud; negligence; personal injury; wrongful death; 'false pretenses'; accounting; whistleblower; and libel of information." *Id.*  "For instance," Nellis notes, "for his purported employment discrimination claim, Plaintiff does not even allege whether he was even employed at the Air Force Base to make him eligible to bring this claim." *Id.*  For the reasons explained below, the Court agrees.

Although pleadings by *pro se* litigants such as Brothers are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), they must still comply with the Federal Rules of Civil Procedure, *see Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Federal Rule of Civil Procedure 8(a) requires that a

2

complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. *See* Fed. R. Civ. P. 8(a). The Rule is designed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).

Brothers' complaint does not comply with Rule 8. It offers no intelligible description of the factual basis for Brothers' claims, what injury Brothers allegedly suffered, and why Brothers is entitled to the relief he seeks. Even construed liberally, Brothers' allegations leave the Court and Nellis in the dark regarding the connection between what minimal facts he pleads and the numerous legal violations he alleges. Put simply, Brothers has not given Nellis or the Court adequate notice regarding the claims he intends to assert, because his complaint lacks "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Accordingly, the Court will **GRANT** Defendant's motion to dismiss, Dkt. 6, and will **DISMISS** Plaintiff's complaint without prejudice.

A separate order will issue.[1]

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: October 27, 2022

---

[1] The Court will delay entry of final judgment for 30 days to provide Plaintiff the opportunity to move for leave to file an amended complaint. Any such motion must comply with Federal Rule of Civil Procedure 15, Local Civil Rule 7(i), and the Court's Standing Order, Dkt. 4.